UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JONATHAN AFLATOUNI, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:11-cv-255 |
| SELECT PORTFOLIO SERVICING, | § | |
| INC., SHAPIRO-SCHWARTZ, LLP, | § | |
| U.S. BANK NATIONAL ASSOCIATION, | § | |
| FIRST FRANKLIN FINANCIAL, CORP., | § | |
| and MERIDIAS CAPITAL, INC., | § | |
| | § | |
| DEFENDANTS. | § | |

### REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendants Select Portfolio Servicing, Inc. and U.S. Bank National Association's Motion for Summary Judgment (Dkt. 54). As set forth below, the Court finds that the motion should be GRANTED for Defendants and that Plaintiff take nothing by any of his claims against Defendants.

#### FACTUAL BACKGROUND

On or about August 2006, Plaintiff purchased property located at 8500 Doral Court East, Flower Mound, Texas 75022 ("the Property") and executed a Note payable to Meridias Capital, Inc. *See* Dkt. 38. Plaintiff executed a Deed of Trust to secure payment of the Note. Plaintiff's loan was ultimately transferred from Meridias Capital, Inc. to Defendant Select Portfolio Servicing. *See* Dkt. 54. Select Portfolio Servicing, Inc. ("SPS") and U.S. Bank National Association are referred to

collectively in this report as Defendants.

According to his amended complaint, the Property had severe foundation and drainage issues and Plaintiff requested a short sale contract on or about September 10, 2010, which Defendants rejected. *See* Dkt. 38. This suit subsequently was filed by Plaintiff *pro se* on or about November 1, 2010 in the 431st Judicial District Court of Denton County, Texas and later removed by Defendants to this Court.

In his First Amended Complaint, Plaintiff has asserted the following causes of action: (1) fraud/attempted foreclosure by forged documents, common law fraud and fraud in the inducement; (2) action to quiet title; (3) breach of fiduciary duty/violation of Texas Statutes & Uniform Commercial Codes; (4) unfair business practices; (5) breach of contract; and (6) promissory estoppel. Plaintiff also seeks exemplary damages, attorneys' fees and injunctive and declaratory relief. *See* Dkt. 38. Central to all of Plaintiff's claims is that Defendants made certain misrepresentations or acted unfairly in handling his home loan, that he relied on Defendants to follow certain laws and that Defendants have been unjustly enriched to his detriment.

Plaintiff originally named Select Portfolio Servicing, Inc., Shapiro-Schwartz, LLP, U.S. Bank National Association, First Franklin Financial Corporation, and Meridias Capital, Inc. as defendants herein. The claims against Defendant Shapiro-Schwartz, LLP were nonsuited prior to removal, *see* Dkt. 1-1, and the claims against Defendant First Franklin Financial Corporation were dismissed after removal. *See* Dkt. 63. Thus, only the claims against Defendants Select Portfolio Servicing, Inc., U.S. Bank National Association, and Meridias Capital, Inc. remain. Defendants Select Portfolio

Servicing, Inc. and U.S. Bank National Association have made an appearance herein and seek summary judgment as to all of Plaintiff's claims against them.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

## ANALYSIS

Defendants move for summary judgment on the following grounds: (1) Plaintiff's conclusory allegations fail to state a claim for which relief can be granted;[1] (2) Plaintiff fails to state his fraud claim with particularity; and (3) Plaintiff's causes of action are without merit. Defendants have offered the following summary judgment evidence to demonstrate that there is no genuine issue of material fact as to Plaintiff's claims here:

(A) Declaration of Michelle Simon, a Vice President in the Consumer Ombudsman Department with Select Portfolio Servicing, Inc. attaching,

  (1) August 31, 2006, InterestFirst Note, signed by Plaintiff Jonathan Aflatouni;

---

[1] No 12(b)(6) motion was filed in this case for the Court's consideration, thus the Court focuses its efforts here on the summary judgment record before it.

4

(2) September 8, 2006, Deed of Trust, signed by Plaintiff;

(3) September 8, 2006, Purchase Money Security Document (Second Lien);

(4) November 6, 2006, correspondence transferring servicing of Plaintiff's loan from Meridias to Select Portfolio Servicing, Inc.;

(5) November 13, 2008, Corporate Assignment of Deed of Trust from MERS to U.S. Bank National Association Trust;

(6) May 9, 2007, Trust executed a Limited Power of Attorney appointing Select Portfolio Servicing as its attorney-in-fact;

(7) Plaintiffs' loan-payment history;

(8) Defendants' system notes reflecting communications with Plaintiff dated July 10, 2009 and December 16, 2009;

(9) Reinstatement Quote;

(10) October 13, 2008, Proposed Short Sale Contract and HUD-1 Settlement;

(11) October 2008, Short Sale Listing Broker was Grand Estates Internationale;

(12) Plaintiff's proof of income submitted to SPS;

(13) July 2008, Appraisal of the Property;

(14) September 2010, SPS ordered a Broker Price Option;

(15) October 2010, SPS Payoff Statement;

(16) October 15, 2010, another Proposed Short Sale and HUD-1 Settlement Statement; and

(17) October 22, 2010, email from Plaintiff.

Dkt. 54-1.

Having reviewed the summary judgment record, the Court finds that Defendants have satisfied their summary judgment burden in showing that there is no genuine issue of fact as to the terms of the Deed of Trust and Note, the representations made to Plaintiff, or the reasons Defendants commenced foreclosure proceedings.[2] Thus, the burden shifts to Plaintiff, now represented by counsel, to offer evidence which would show that there is a genuine issue of material fact as to the claims raised.

Plaintiff has attached to his response the following piece of summary judgment evidence:

(1) December 17, 2007- March 9, 2010 Notice of Default letters to Plaintiff Jonathan Aflatouni from SPS on regarding delinquency and initiation foreclosure proceedings stating that Credit Suisse is the owner of the loan

Dkt. 61-1.

The Court has reviewed the summary judgment evidence and finds that Plaintiff has failed to create a genuine issue of material fact as each of the causes of action listed in his Amended Compalint. Notably, Plaintiff's response contains very few citations to the summary judgment record, and those citations provided lack specificity. *See, e.g.,* Dkt. 61 at 17 (citing generally to Defendant's Exhibit 7 & 15 – 19 pages of account information – without any specific pinpoint

---

[2]Plaintiff's objections to Simon's affidavit are overruled in part and sustained in part. *See* FED. R. CIV. P. 803(6); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000); *see also DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005) (no "magic words" requirement for affidavit based on personal knowledge). Michelle Simon is the Vice President in the Consumer Ombudsman Department, the mortgage servicer and attorney-in-fact for U.S. Bank National Association, as Trustee. The Court finds she is a custodian of record with personal knowledge to testify and that her declaration is not hearsay. As to any objections as to any legal conclusions within the affidavit, those objections are sustained. The documents attached to Simon's affidavit – properly authenticated and before the Court – speak for themselves.

citations to support the proposition that "the improper charges for interest on all advances instead of specific advances upon which interest is permitted under the documents."). General and sporadic references to the summary judgment record are not sufficient. *See* E. D. TEX L.R. CV-56(d) (stating that summary judgment citations should be referred to by page and, if possible, by line of the summary judgment evidence).[3]

Plaintiff is required to show *how* the evidence creates an issue of material fact by citing to specific portions of the record. As set forth below, he has not done so here.

**Fraud/Attempt to Foreclose by Forged Documents, Common Law Fraud and Fraud in the Inducement**

Primarily, there is no evidence before the Court of a genuine issue of material facts as to any of Plaintiff's fraud claims. In his complaint, Plaintiff claims that his expert concluded "the above-identified documents were fraudulently signed and notarized by parties different that the ones stated in the documents." Dkt. 38 at 3. To state a claim for fraud in federal court, a Plaintiff must state with particularity the circumstances constituting fraud or mistake. FED. R. CIV. P. 9(b). Here, Plaintiff fails to identify the with specificity "the above-identified documents" or the names which were fraudulently signed. Moreover, there is nothing in the summary judgment record that identifies

---

[3]*See also Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas,* 136 F.3d at 458; *Stults,* 76 F.3d at 657; *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.1994), *cert. denied,* 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994); *Skotak,* 953 F.2d at 916 n. 7; *see also Nissho-Iwai American Corp. v. Kline,* 845 F.2d 1300, 1307 (5th Cir.1988) (it is not necessary "that the entire record in the case ... be searched and found bereft of a genuine issue of material fact before summary judgment may be properly entered"); *cf. U.S. v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs.")).

the "who, what, when, where, and how" of the alleged fraud. *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). Indeed, there is no evidence of Plaintiff's expert's conclusions within the summary judgment record. Without any such evidence, summary judgment should be granted for Defendants.

Of particular significance to the Court is the Fifth Circuit's recent opinion in *Kiggundu v. Mortgage Electronic Registration Systems Inc.*, 469 Fed. Appx. 330 (5th Cir. 2012). In *Kiggundu*, the Fifth Circuit affirmed the grant of summary judgment for a defendant bank whose authority to foreclose was challenged based on the plaintiff's claim that the mortgage documents (including the assignment) were fabricated and fraudulent. As explained by the Fifth Circuit:

> **Kiggundu put forward no evidence that the documents submitted by the defendants were falsified or fraudulent or that the attorneys did anything improper.** Thus, the district court was entitled to rely on this evidence. *See Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995) (explaining that on summary judgment, evidence may be considered as long as it would not be excludable at trial). Because the note was endorsed in blank and the Bank of New York was in possession of the note, under Texas law, the Bank of New York was entitled to collect on it. *See* TEX. BUS. & COM. CODE §§ 1.201(b)(21), 3.204, 3.205. Moreover, under Texas law, the mortgage follows the note. *Lawson v. Gibbs*, 591 S.W.2d 292, 294 (Tex. App. 1979); *see United States v. Vahlco Corp.*, 720 F.2d 885, 891 (5th Cir. 1983). Thus, the Bank of New York was authorized to foreclose on the property when Kiggundu defaulted. Though Kiggundu attacks the validity of the assignment of the mortgage document—the deed of trust—to the Bank of New York, this argument is beside the point. It was sufficient for the Bank of New York to establish that it was in possession of the note; it was not required to show that the deed of trust had been assigned to it. *See Gilbreath v. White*, 903 S.W.2d 851, 854 (Tex. App. 1995).

*Id.* at 331-332 (emphasis added). Here, as in *Kiggundu*, Defendants have offered the original promissory note, the original deed of trust, and a document assigning the deed of trust and Plaintiff

has put forward no *evidence* that challenges the validity Defendants' summary judgment evidence. Plaintiff has also failed to state with specificity what material false representations Defendants made to him or what false promises were made to him in support of his common law fraud and fraud in the inducement claims. Moreover, Plaintiff has not offered any summary judgment evidence of any misrepresentations or falsehoods made to him by Defendants. Plaintiff merely claims the Assignment Document (Defendant's Exhibit 5) is ineffective and concludes that Defendants misrepresented their legal right to foreclose. *See* Dkt. 61 at 18. Such generalizations and conclusory statements are insufficient to create a genuine issue of material fact at the summary judgment phase. *Stults*, 76 F.3d at 655.

> Rule 56 of the Federal Rules of Civil Procedure clearly states:
>
> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against the party.

FED. R. CIV. P. 56(e)(2). Therefore, summary judgment should be GRANTED as to Plaintiff's "First Cause of Action" (fraud/attempted foreclosure by forged documents), Plaintiff's "Sixth Cause of Action" (common law fraud) and Plaintiff's "Seventh Cause of Action" (fraud in the inducement) and Plaintiff should take nothing by those claims.

**Quiet Title**

"To prevail in a trespass-to-try-title action, Plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (citation omitted). "The pleading rules are detailed and formal, and require a plaintiff to prevail on the superiority of his title, not on the weakness of a defendant's title." *Id.* (citation omitted). Assuming Plaintiff has met the heightened pleading requirements, Plaintiff has not identified any summary judgment evidence that would create a genuine issue of material fact as to the superiority of his title. Therefore, summary judgment should be GRANTED as to Plaintiff's "Second Cause of Action" (quiet title) and Plaintiff should take nothing by that claim.

**Breach of Fiduciary Duty/Violation of Texas Statutes & Uniform Commercial Codes**

Plaintiff's third cause of action is entitled "Violation of Texas Statutes and Uniform Commercial Codes" but curiously makes no specific citations to any codes or statutory sections. *See* Dkt. 38 at 5. Instead, Plaintiff appears to allege that Defendants breached a fiduciary duty by falsely executing documents, encumbering his property, and making false representations. *See* Dkt. 38 at 6-8. "Ordinarily, there is no such duty in lender/lendee relationships." *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 753 (Tex. App.-San Antonio 1998, no pet.) (citing *Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990)); *English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983). Indeed, Texas law does not "recognize a common law duty of good faith and fair dealing in

transactions between a mortgagee and mortgagor, absent a special relationship marked by shared trust or an imbalance in bargaining power." *Coleman v. Bank of Am., N.A.*, 2011 WL 2516169, at *1 (N.D. Tex. 2011) (citing *FDIC v. Coleman*, 795 S.W.2d 706, 708–709 (Tex. 1990)) (internal quotations omitted). Plaintiff has failed to sufficiently state his claims or breach of fiduciary duty or provide any summary judgment that would create a genuine issue of material facts as to Defendants' alleged actions herein. Therefore, summary judgment should be GRANTED as to Plaintiff's "Third Cause of Action" (Violation of Texas Statutes & Uniform Commercial Codes) and Plaintiff should take nothing by this claim.

**Unfair Business Practices**

As with his "Third Cause of Action," Plaintiff's "Fourth Cause of Action Unfair Business Practices in Violation of Texas Business and Commercial [sic] Code" fails to identify the specific statutory provisions he alleges Defendants violated. *See* Dkt. 38 at 8. Nonetheless, Plaintiff alleges that Defendants engaged in deceptive business practices by assessing certain fees, misapplying certain payments and mishandling his loan. Even if Plaintiff were permitted to amend his complaint to make specific statutory citations,[4] Plaintiff has not shown how the summary judgment record creates a genuine issue of material fact as to whether Defendants failed to properly credit Plaintiff's loan account, misapplied credit to his account, or how Defendants actions in attempting to collect

---

[4]In Plaintiff's summary judgment response, he asserts – for the first time – claims under the Texas Debt Collection Practices Act and the Fair Debt Collection Practices Act. *See* Dkt. 61. The Court agrees with Defendants that it is too late to include such claims in his pleadings. But, even if the claims were permitted, no summary judgment evidence has been submitted that would create a fact issue as to either claim.

the debt amounted to any harassment that was "willful, wanton, malicious, and intended to inflict mental anguish and bodily harm" as is required for a claim of unreasonable collection efforts in Texas. *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868-69 (Tex. App.– Dallas 2008, no pet.). Plaintiff has also failed to demonstrate what summary judgment evidence of the additional charges on Plaintiff's account would form the basis of a claim against Defendants. Therefore, summary judgment should be GRANTED as to Plaintiff's "Fourth Cause of Action" (Unfair Business Practices in Violation of Texas Business & Commerce Code) and Plaintiff should take nothing by this claim.

**Breach of Contract**

Plaintiff has also asserted a breach of contract claim in this case. To prevail on a breach of contract claim, a plaintiff must prove: "(1) the existence of a valid contract; (2) performance or tender of performance; (3) breach by the defendant; and (4) damages resulting from the breach." *Oliphant Fin., LLC v. Patton*, No. 05-17- 01731, 2010 WL 936688, at *3 (Tex. App.– Dallas Mar. 17, 2010, pet. filed). In addition to failing to identify with specificity any contractual provisions breached, Plaintiff has failed to point to any competent summary judgment evidence that would create a genuine issue of fact as to whether Defendants breached any contract. Therefore, summary judgment should be GRANTED as to Plaintiff's "Tenth Cause of Action" (breach of contract) and he should take nothing by this claim.

**Promissory Estoppel**

In support of an alternate theory of recovery of promissory estoppel, Plaintiff claims that he "relied on Defendants to follow the appropriate Civil and Government Laws pertaining to their practices and the Defendants have maliciously and intentionally have [sic] violated many Federal laws regarding their respective practices to enrich themselves." Dkt. 38 at 13. In Texas, promissory estoppel "is a cause of action available to a promisee who has acted to his or her detriment in reasonable reliance on an otherwise unenforceable promise." *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 140 (Tex. App.– Corpus Christi 2001, no pet.). A party alleging promissory estoppel must allege: (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment. *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 n.25 (Tex. 2002) (citing *English v. Fisher*, 660 S.W.2d 521, 524 (Tex. 1983)). Plaintiff has failed to state a claim for promissory estoppel, and, as with all of his other claims, has failed to identify or offer any summary judgment evidence of an unenforceable promise by Defendants. Therefore, summary judgment should be GRANTED as to his claims of promissory estoppel and he should take nothing by this claim.

**Declaratory and Injunctive Relief, Attorney's Fees and Exemplary Damages**

Next, Defendants argue that Plaintiffs' claims for injunctive and declaratory relief are remedies and cannot stand as independent claims. When a declaratory judgment action filed in state court is removed to federal court, that action is, in effect, converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. The federal Declaratory Judgment Act

states, "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Federal courts have broad discretion to grant or refuse declaratory judgment. *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The Declaratory Judgment Act is "an authorization, not a command." *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962). It gives federal courts the competence to declare rights, but does not impose a duty to do so. *Id.*

The Declaratory Judgment Act is a procedural device that creates no substantive rights and requires the existence of a justiciable controversy. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-241 (1937); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir. 1984). Thus, the Act provides no relief unless there is a justiciable controversy between the parties. The Fifth Circuit stated as follows:

> In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties. The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury. Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if

> unaccompanied by any continuing, present adverse effects. To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future. Similar reasoning has been applied to suits for declaratory judgments.

*Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citations and quotations omitted).

Because the Court has found that Plaintiff has failed to create any fact issues as to any claims herein, there is no continuing justiciable controversy between the parties and thus the request for declaratory judgment should be dismissed.

Similarly, any claims for injunctive relief should be dismissed. To assert a request for injunctive relief, Plaintiff is required to show "a substantial likelihood of success on the merits." *DSC Comm. Corp. v. DGI Techs, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). Because the Court finds that Plaintiff has failed to sustain his summary judgment burden, Plaintiff is not entitled to injunctive relief. For these reasons, Plaintiff is also not entitled to an award of attorney's fees or exemplary damages. Therefore, summary judgment should be GRANTED for Plaintiff's "Fifth Cause of Action" (Preliminary and Permanent Injunction), "Eighth Cause of Action" (Exemplary Damages), "Ninth Cause of Action" (Attorney's Fees) and, assuming it is properly pleaded, his claim for declaratory relief within the prayer of his amended complaint.

**Challenge of Assignment**

In his response to the motion for summary judgment, Plaintiff also challenges MERS' assignment of the Note and Deed of Trust. Dkt. 61 at 12-13. Such matter was not raised in Plaintiff's Amended Complaint, and the deadline to amend pleadings was on February 22, 2012.

15

*See* Dkt. 42. Plaintiff has not shown good cause as to why his pleadings should be amended to add such a claim; therefore, the Court need not consider it and Plaintiff's late-filed request to amend his pleadings is denied. Nonetheless, the Court notes that such challenges to the assignments by MERS have been routinely dismissed in this Circuit.[5]

It is Plaintiff's burden to make specific citations to the summary judgment record. *See Ragas*, 136 F.3d at 458; *Stults*, 76 F.3d at 655. Although the Court has reviewed what it has before it, the Court will not – and indeed is not required to – scour the record in this matter to determine whether Plaintiffs could create a genuine issue of material fact as to each element of their claims. *See* E.D. TEX. L. R. CV-56(d). The discovery deadline in this case fell on June 15, 2012, therefore any evidence needed by Plaintiff to demonstrate a genuine issue of material fact as to his claims should have been available to him at the time he filed his summary judgment response. Summary judgment should be granted, and Plaintiff should take nothing by his claims against Defendants Select Portfolio Servicing, Inc. and U.S. Bank National Association.

---

[5]*See Richardson v. CitiMortgage, Inc.*, 2010 WL 4818556, at *5 (E.D. Tex. 2010) (rejecting the plaintiffs attack on MERS, and noting that "[u]nder Texas law, where a deed of trust, as here, expressly provides for MERS to have the power of sale, then MERS has the power of sale") (citing *Athey v. MERS,* 314 S.W.3d 161, 166 (Tex. App. Eastland 2010)); *Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, at *3-4 (E.D. Tex. Jun. 10, 2011); *Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *1-2 (E.D. Tex. Mar. 24, 2011); *see also Santarose v. Aurora Bank FSB,* 2010 WL 2232819, at *5 (S.D. Tex. Jun. 2, 2010) (rejecting the argument that MERS lacked standing to foreclose and was not a real party in interest); *Wiggington v. Bank of New York Mellon*, 2011 WL 2669071, at *3 (N.D. Tex. Jul. 7, 2011); *DeFranchesci v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *4 (N.D. Tex. Aug. 31, 2011) ( "Because the deed of trust specifically provided that MERS would have the power of sale, MERS had the power of sale that was passed to U.S. Bank upon MERS's assignment.").

As to the remaining claims against Defendant Meridias Capital, Inc., the Court finds that they should be dismissed. This case has been on file for more than 120 days, and Plaintiff has not served Defendant Meridias Capital, Inc. or made any showing of good cause for the failure to timely serve it. Therefore, Federal Rule of Civil Procedure 4(m) mandates dismissal of the claims against it without prejudice. *See* FED. R. CIV. P. 4(m).

Therefore, for the reasons set forth above, the Court finds that Defendants' Motion for Summary Judgment (Dkt. 54) should be GRANTED in its entirety, that Plaintiff should take nothing by any of the claims raised against Defendants Select Portfolio Servicing, Inc. and U.S. Bank National Association, that those claims should be dismissed with prejudice, and that Defendants Select Portfolio Servicing, Inc. and U.S. Bank National Association should be awarded their costs in accordance with Rule 54(b) of the Federal Rules of Civil Procedure. Further, the Court recommends that Plaintiff's claims against Defendant Meridias Capital, Inc. be dismissed without prejudice and that this matter be closed on the Court's docket.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 9th day of November, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE